RACHEL E. K. LOWE (SBN 246361)
rachel.lowe@alston.com
KATHY J. HUANG (SBN 240677)
kathy.huang@alston.com
**ALSTON & BIRD LLP**
333 S. Hope Street, 16th Floor
Los Angeles, California 90071
Telephone:    (213) 576-1000
Facsimile:    (213) 576-1100

TRACY YAO (SBN 323816)
tracy.yao@alston.com
**ALSTON & BIRD LLP**
560 Mission Street, Suite 2100
San Francisco, California  94105
Telephone:    (415) 243-1000
Facsimile:    (415) 243-1001

Attorneys for Defendant
WIX.COM LTD

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAJANEE SMITH, individually, and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WIX.COM LTD d/b/a WIX.COM, and DOES 1-10, inclusive,<br><br>　　　　Defendant. | **Case No.:**   3:23-cv-04583<br><br>**State Case No.:** C-23-01720 [Contra Costa County]<br><br>**DEFENDANT WIX.COM LTD'S NOTICE OF REMOVAL**<br><br>Filing Date:    July 14, 2023 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Wix.com Ltd ("Defendant") hereby removes the above-captioned case, entitled *Lajanee Smith v. Wix.com Ltd.*, originally filed in the Superior Court of the State of California, County of Contra Costa and assigned Case No. C23-01720 (the "State Court Action"), to this Court under 28 U.S.C. §§ 1332, 1446, and 1453, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"). The grounds for removal are set out below:

**I.   BACKGROUND**

On July 14, 2023, Plaintiff Lajanee Smith ("Plaintiff") filed the State Court Action, alleging causes of action for (1) violation of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.*; (2) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and (3) violation of the California Automatic Renewal Law ("ARL"), Cal. Bus. & Prof. Code §§ 17600 *et seq.* On behalf of a putative class of California consumers, Plaintiff alleges that Defendant "misrepresented and falsely advertised" that consumers who sign up for its monthly website subscription services may cancel their subscriptions and that "Defendant retains customers' billing information for automatic recurring charges and will not allow consumer to remove their credit card information." Complaint ¶ 3. A true and correct copy of the Complaint is attached hereto as **Exhibit A**. The Complaint seeks various forms of relief, including full restitution of all funds Defendant acquired as a result of the alleged deceptive practices (i.e., the monthly subscription fees), injunctive relief, punitive damages, attorneys' fees, costs and expenses, and pre- and post-judgment interest. On August 7, 2023, Plaintiff served the Complaint on Defendant's authorized agent. A true and correct copy of the Service of Process is attached hereto as **Exhibit B**.

Defendant denies the allegations of wrongdoing in the Complaint and that Plaintiff is entitled to any of the relief requested. At this time, however, the relevant inquiry is whether this Court has jurisdiction over this matter, which it plainly does pursuant to CAFA.

## II. THIS COURT HAS JURISDICTION UNDER CAFA

Defendant removes the State Court Action pursuant to CAFA, codified under 28 U.S.C. § 1332, subsection (d). Signed into law on February 18, 2005, CAFA significantly expanded federal subject matter and removal jurisdiction over class actions. CAFA vests federal courts with original jurisdiction for class actions where the parties are minimally diverse and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d).

CAFA's requirements are satisfied here.

### A. Class Action

The State Court Action is a class action as defined by CAFA. According to CAFA:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action. . . .

28 U.S.C. § 1332(d)(1)(B).

Plaintiff brings claims on behalf of herself and a proposed class of "[a]ll consumers, who, between the applicable statute of limitations and the present, purchased one or more monthly subscriptions in the State of California, and who were charged without their authorization by Defendant." Complaint ¶ 46. The State Court Action therefore meets the definition of a "class action" under CAFA.

### B. Removal Under CAFA

CAFA provides that a class action brought against a non-governmental entity may be removed if: (1) the number of proposed class members is not less than 100, 28 U.S.C. § 1332(d)(5)(B); (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant, *id.* at § 1332(d)(2); and (3) the aggregate amount in controversy exceeds $5 million, excluding interests and costs, *id.*; *see also* 28 U.S.C. § 1453(b). Each of these requirements are met here.

### 1. The Number of Proposed Class Members Is At Least 100

The numerosity requirement is satisfied because Plaintiff alleges that "the proposed class is composed of thousands of persons." Complaint ¶ 50.

### 2. Diversity of Citizenship Under CAFA

The diversity requirement is met here because Plaintiff is a citizen of California and Defendant is a citizen of states other than California.

"[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). "Minimal diversity" is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

An individual is a citizen of the state where he or she resides. 28 U.S.C. § 1332(a)(1). Plaintiff is an individual that resides in and is a citizen of the State of California. Compl. ¶ 18.

Defendant is not a citizen of California. A corporation is a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (for diversity jurisdiction, "principal place of business" refers to the "nerve center" of the corporation which is where "a corporation's officers direct, control, and coordinate the corporation's activities"). Plaintiff alleged that Defendant was and is a Delaware corporation with its principal place of business in New York. Complaint ¶ 19. Therefore, Defendant is alleged to be a citizen of the states of Delaware and New York.[1]

Because Plaintiff is a citizen of a state different from Defendant, CAFA's diversity of citizenship requirement is satisfied. *See* 28 U.S.C. § 1332(d)(2)(A). Moreover, because no defendant is a citizen of California, the exceptions listed in 28 U.S.C. § 1332(d)(4)(A)-(B) do not apply.

---

[1] Defendant does not concede personal jurisdiction by this removal.

### 3. Amount in Controversy

CAFA's third requirement—that the aggregate amount in controversy, exclusive of interest and costs, exceeds $5 million—is also satisfied. 28 U.S.C. § 1332(d)(2).

As the Supreme Court has explained, a removing defendant need only *plausibly allege* that the amount in controversy exceeds CAFA's threshold: "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1227-1228 (9th Cir. 2019) (explaining "[t]he district court also erred by placing on Cox a burden to prove its jurisdictional allegations in response to Ehrman's facial challenge.").

While Defendant maintains that the allegations in the Complaint lack merit, for the purposes of determining the amount in controversy, "[t]he court must assume that the allegations of the Complaint are true, and that a jury will return a verdict for the plaintiff on all claims made." *Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, No. 16-CV-02941-LHK, 2016 U.S. Dist. LEXIS 123455, at *13 (N.D. Cal. Sep. 12, 2016) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's Complaint, not what a defendant will actually owe.") (citations omitted). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

In the Complaint, Plaintiff defines the putative class as "[a]ll consumers, who, between the applicable statute of limitations and the present, purchased one or more monthly subscriptions in the State of California, and who were charged without their authorization by Defendant." Complaint ¶ 46. The statute of limitations for a UCL claim is four years, so the relevant period dates back to July 2019.[2] *Manosca v. Wachovia Mortg.*, No. C 11-2183 SI, 2011 U.S. Dist. LEXIS 78609, at *9

---

[2] There is no private right of action under the ARL, *Mayron v. Google LLC*, 54 Cal. App. 5th 566, 573-74 (2020), and the statute of limitations for a FAL claim is three years, *People v. Johnson & Johnson*, 77 Cal. App. 5th 295, 310 n.3 (2022).

(N.D. Cal. July 20, 2011) ("The statute of limitations for a Section 17200 claim is four years.") (citing Cal. Bus. & Prof. Code § 17208).

Plaintiff requests "full restitution of all funds acquired from Plaintiff and Class Members from the sale of subscription services during the relevant class period[.]" *Id.* ¶ 94(e). For the four-year period beginning July 2019, the total sales of premium monthly subscriptions for Wix.com in California, including initial purchases and monthly plan costs, exceeded $5 million. Wix.com's premium plans currently range in cost from at least $16/month to $159/month. *See* https://www.wix.com/premium-purchase-plan/*dynamo*, last visited Sept. 1, 2023. Therefore, Plaintiff's allegations pursuing restitution satisfy the minimum amount in controversy requirement.

Furthermore, the above analysis does not include attorneys' fees, which Plaintiff seeks, *see id.* ¶¶ 15, 94(g), and must be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (where "the law entitles [a putative class plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy"). Assuming for the sake of this removal only that this Court were to apply a 25 percent common fund benchmark if Plaintiff were somehow successful, Plaintiff's attorney's fees would increase the amount in controversy to well over the threshold $5 million. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees.").

Finally, Plaintiff also seeks (1) punitive damages, (2) pre- and post-judgment interest, and (3) injunctive relief for the alleged violations of the FAL and UCL. *See* Compl. ¶¶ 70, 94. Any injunctive relief—whether in the form of a marketing change or other consumer notice procedure—for all website subscription services sold to consumers throughout California would be a costly endeavor, estimated in the hundreds of thousands of dollars, if not more.

The alleged amount at issue in Plaintiff's Complaint plainly exceeds the jurisdictional minimum under CAFA.

### III. DEFENDANT TIMELY FILED ITS NOTICE OF REMOVAL AND SATISFIED ALL PROCEDURAL REQUIREMENTS

#### A. This Notice of Removal is Timely Filed

This notice of removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453(b), because it is filed within thirty days after service of the Complaint on Defendant. Here, Defendant's authorized agent was served with a conformed copy of the Summons and Complaint on August 7, 2023. (Exh. B.) Therefore, this Notice of Removal, filed within 30 days of service, is timely filed under 28 U.S.C. §1446(b).

#### B. Defendant Has Satisfied All Procedural Requirements

Venue is proper. Plaintiff filed this action in the Superior Court of the State of California, County of Contra Costa. Accordingly, this action is properly removed to this Court, which embraces Contra Costa within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

Additionally, Defendant is the only defendant that Plaintiff has served. The Doe defendants have not been named or served and therefore do not need to consent to removal. *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

Finally, Defendant provided proper notice. Section 1446(a) requires a removing party to provide this Court with a copy of all "process, pleadings and orders" served on it in the State Court Action. True and correct copies of these documents, which are attached to this removal, are listed below:

- Complaint (**Exhibit A**)
- Service of Process Transmittal on Defendant (**Exhibit B**)
- Summons to Defendant (**Exhibit C**)
- Notice of Assignment and Case Management Conference **(Exhibit D)**

Pursuant to 28 U.S.C. §1446, subsection (d), Defendant is filing a copy of the Notice of Removal with the Clerk of Contra Costa County Superior Court and serving Plaintiff with the same. A copy of the Notice to the Superior Court (which will be served on Plaintiff), without exhibits, is attached hereto as **Exhibit E**.

## IV. CONCLUSION

Defendant respectfully submits that CAFA's requirements have been met, including that (1) the proposed class contains at least 100 members, (2) at least one member of the proposed class (and in fact all proposed members of the California class action) is a citizen of a state different than Defendant's state of citizenship and no other CAFA exceptions apply, (3) the aggregate amount in controversy exceeds $5 million, and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons, this action is properly removed to this Court.

DATED: September 6, 2023

RACHEL E. K. LOWE
KATHY J. HUANG
TRACY YAO
**ALSTON & BIRD LLP**

_/s/ Tracy Yao_
Tracy Yao

Attorneys for Defendant
WIX.COM LTD

# CERTIFICATE OF SERVICE

I, Jessica Arrington, certify and declare as follows:

1. I am over the age of 18 and not a party to this action.

2. My business address is Alston & Bird LLP, 560 Mission Street, Suite 2100, San Francisco, CA 94105, which is located in the city, county, and state where the mailing below took place.

3. On September 6, 2023, at my direction, my office deposited in a facility regularly maintained by UPS with delivery fees fully provided for, or delivered the envelope to a courier or driver of UPS authorized to receive documents at Alston & Bird LLP, 560 Mission Street, Suite 2100, San Francisco, CA 94105 with delivery fees fully provided for, a copy of the **DEFENDANT WIX.COM LTD'S NOTICE OF REMOVAL** addressed to:

>   Todd M. Friedman
>   Adrian R. Bacon
>   LAW OFFICES OF TODD M. FRIEDMAN, P.C.
>   2101 Ventura Blvd., Suite 340
>   Woodland Hills, CA  91364
>   **Attorneys for Plaintiff**
>   **LAJANEE SMITH**

/s/     Jessica Arrington
Jessica Arrington